

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                  15-CR-2-S

JASON M. SMITH,

                Defendant.

---

## PLEA AGREEMENT

The defendant, JASON M. SMITH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charge violations of Title 18, United States Code, Section 2251(a) (production of child pornography). For each count the mandatory minimum term of imprisonment is 15 years, and the maximum possible sentence on each count is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing for each count.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses, as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 6 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is

employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

6.  The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.  the defendant employed, used, persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct;

   b.  the visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means; and

   c.  the defendant acted knowingly.

## FACTUAL BASIS

7.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

Count 1

   a.  Between in or about 2010 and in or about 2012, the exact dates being unknown, in the Western District of New York, the defendant, JASON M. SMITH, did use, persuade, induce, entice and coerce a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

   b.  The visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including a Western Digital external hard drive, manufactured in Thailand.

   c.  The defendant acted knowingly.

   d.  Victim 1, a resident of the Western District of New York, was less than 12 years of age at the time of the offense. The

        defendant was a friend of Victim 1's father. Victim 1's father occasionally entrusted the defendant with Victim 1, with the understanding that the defendant intended to bring Victim 1 to places such as the pool, the park, church, or Chuck E. Cheese. Victim 1 called the defendant "Uncle Jay." The defendant performed sex acts on Victim 1 for the purpose of producing a visual depiction on more than one occasion.

Count 2

    a.    Between on or about July 28, 2011, and in or about September 2013, the exact dates being unknown, in the Western District of New York, the defendant, JASON M. SMITH, did use, persuade, induce, entice and coerce a minor, that is, Victim 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

    b.    The visual depictions were produced using materials that been mailed, shipped, or transported in interstate or foreign commerce by any means, including a Seagate hard drive, manufactured in Singapore.

    c.    The defendant acted knowingly.

    d.    Victim 2, a resident of the Western District of New York, was less than 16 years of age at the time of the offense. The defendant and Victim 2 met via MeetMe.com, a social networking website. The defendant and Victim 2 agreed to meet, at which time, the defendant introduced himself as "James Brayden" and said that he was 23 years of age. The defendant had sexual intercourse with Victim 2 and took pictures of the sexual conduct.

### III. SENTENCING GUIDELINES

8.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

-5-

## BASE OFFENSE LEVEL

9. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offenses of conviction for Counts 1 and 2 and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristics do apply:

Count 1

    a. the 4 level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

    b. the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act]; and

    c. the 2 level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody, care, or supervisory control of the defendant].

Count 2

    a. the 2 level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years];

    b. the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act]; and

    c. the 2 level increase pursuant to Guidelines § 2G2.1(b)(6)(A) and/or (B) [the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce and/or the offense involved the use of a computer or interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct].

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 is 40.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 38.

13. The government and the defendant agree that pursuant to Guidelines §§ 2G2.1(d)(1) and 3D1.2(d), the offenses of conviction under Counts 1 and 2 do not group together, and that it is the understanding of the government and the defendant that pursuant to Guideline §3D1.4(a) the defendant's adjusted offense level is 42.

## U.S.S.G. CHAPTER 4 ADJUSTMENT

14. The government maintains that the following adjustment to the combined adjusted offense level does apply:

   a. a 5 level upward adjustment of Guideline § 4B1.5(b)(1) [the defendant's instant offenses are covered sex crimes and the defendant engaged in a pattern of activity involving prohibited sexual conduct].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## COMBINED TOTAL OFFENSE LEVEL

15.     Based on the foregoing, it is the position of the government and the defendant that the defendant's combined total offense level is 47 or 42.

## ACCEPTANCE OF RESPONSIBILITY

16.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 44 or 39.

## CRIMINAL HISTORY CATEGORY

17.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

18.     (a) It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 4B1.5(b)(1) does apply, with a total offense level of 44 and criminal history category of I, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **720 months (60 years)**, a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life.

(b) It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 4B1.5(b)(1) does not apply, with a total offense level of 39 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **262 to 327 months**, a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life.

(c) Notwithstanding the above, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

19.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the

attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

20. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

21. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the defendant's production and possession of child pornography, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

22. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background,

      character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

23.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

24.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

25. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court, which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27. The government waives its right to appeal any component of a sentence imposed by the Court, which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

28.     Pursuant to Rule 11(a)(2), and subject to the approval of the Court, the defendant reserves the right to appeal the denial of the defendant's motion for suppression of physical evidence seized by way of a search warrant executed on 42 Byron Avenue, Tonawanda, New York, pursuant to the report and recommendation of the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, entered on November 3, 2015, and the decision and order of the District Court entered on January 5, 2016.  Should the defendant prevail on appeal, the defendant shall be allowed to withdraw the guilty pleas.

## VII.  COMPUTER FORFEITURE

29.     The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

(a)  a Maxtour Hard Drive, serial number Y45PCN7E;

(b)  a Seagate Hard Drive, serial number 9VS3W162;

(c)  a Seagate Hard Drive, serial number 9VS3SEHJ;

(d)  a Seagate External Hard Drive, serial number 5ND5D7KN;

(e)  a Western Digital External Hard Drive, serial number WCAU48543792; and

(f)  a compact disc labeled "Pron 7."

30.     Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the above listed assets and

all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3), and will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

31.  The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, at its discretion, destroy any and all of the property referred to in this agreement.

32.  After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above.  The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture.  The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.  The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture

in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

33. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

34. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

35. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, JASON M. SMITH, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
SCOTT S. ALLEN, JR.
Assistant U.S. Attorney

Dated: June 22, 2016

-16-

I have read this agreement, which consists of 17 pages. I have had a full opportunity to discuss this agreement with my attorney, THOMAS J. EOANNOU, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____   _____
JASON M. SMITH                                THOMAS J. EOANNOU, ESQ.
Defendant                                           Attorney for Defendant

Dated: June 22, 2016                       Dated: June 22, 2016

-17-