```
 1                   UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF NEW YORK
 2

 3   _____
     UNITED STATES OF AMERICA,
 4                                              Case No. 1:15-cr-02
                                                             (WMS)
 5              Plaintiff,

 6   vs.                                        June 22, 2016

 7   JASON M. SMITH,

 8              Defendant.
     _____

 9

10          TRANSCRIPT OF CHANGE OF PLEA HEARING
         BEFORE THE HONORABLE WILLIAM M. SKRETNY
11                UNITED STATES DISTRICT JUDGE

12
     APPEARANCES:         WILLIAM J. HOCHUL, JR., ESQ.
13                        UNITED STATES ATTORNEY
                          BY: SCOTT S. ALLEN, JR., ESQ.
14                        Assistant United States Attorney
                          Federal Centre
15                        138 Delaware Avenue
                          Buffalo, New York 14202
16                        For the Plaintiff

17                        LAW OFFICES OF THOMAS EOANNOU
                          BY: THOMAS J. EOANNOU, ESQ.
18                        484 Delaware Avenue
                          Buffalo, New York  14202
19                        For the Defendant

20   PRESENT:             JASON M. SMITH, Defendant

21   CLERK:               MARY LABUZZETTA

22   COURT REPORTER:      ANN M. SAWYER, RPR, CRR, NYRCR, NYACR
                          Robert H. Jackson Courthouse
23                        2 Niagara Square
                          Buffalo, New York 14202
24                        (716) 207-0550
                          Ann_Sawyer@nywd.uscourts.gov
25
```

```
 1              (Proceedings commenced at 2:43 p.m.)
 2              THE CLERK:  Criminal case 15-2-S, United States of
 3   America versus Jason Smith.
 4              THE COURT:  All right.  Are you finished shaking
 5   hands, Mr. Eoannou, and we can get started?
 6              And I notice more and more of you followed the
 7   dictates of the bible, taking the last seat and being asked to
 8   come forward to the first seat.
 9              So, good afternoon.
10              MR. EOANNOU:  Good afternoon, Judge.
11              THE COURT:  All right.
12              MR. ALLEN:  Good afternoon, Your Honor.
13              THE COURT:  Good afternoon, Mr. Allen.  I'm going to
14   call you Mr. Adler, because I called Mr. Adler Mr. Allen this
15   morning, so, you know, it's -- it equals things out a little
16   bit.
17              MR. ALLEN:  Yes, Your Honor.
18              THE COURT:  Okay.  I think Mr. Smith should be out
19   here shortly.
20              THE CLERK:  I --
21              COURT REPORTER:  I couldn't hear that.
22              THE CLERK:  Off the record.
23              (Off the record discussion.)
24              (Back on the record.)
25              THE COURT:  That's what I want you to put on the
```

1   record is when they tell you it shouldn't be on the record,
2   Ann.  All right.  That's oftentimes more enlightening than
3   anything else.
4           Okay.  You are Jason Smith?
5           THE DEFENDANT:  Yes, Your Honor.
6           THE COURT:  Okay.  And Mr. Eoannou, this matter --
7   good afternoon.
8           THE DEFENDANT:  Good afternoon.
9           THE COURT:  This matter is on for the taking of a
10  plea pursuant to a plea agreement.  Is the defense ready?
11          MR. EOANNOU:  Yes, Judge.
12          THE COURT:  Okay.  And, Mr. Allen, the government's
13  ready?
14          MR. ALLEN:  Yes, Your Honor.
15          THE COURT:  Okay.  All right.  I think Mr. Smith is
16  now signing the plea agreement; is that correct, Mr. Eoannou?
17          MR. EOANNOU:  He is, Your Honor.
18          THE COURT:  All right.  On your advice?
19          MR. EOANNOU:  Yes, Judge.
20          THE COURT:  Okay.  And you've reviewed that with
21  Mr. Smith?
22          MR. EOANNOU:  Yes, as recently as a few days ago,
23  Judge.
24          THE COURT:  All right.  Mr. Allen, is the plea
25  agreement the same as the copy that was given to me earlier?

Case 1:15-cr-00002-WMS-JJM   Document 68   Filed 03/31/17   Page 4 of 19
USA v Jason M. Smith - Change of Plea Hearing - 6/22/16

3

```
 1           MR. ALLEN:  Yes, Your Honor.
 2           THE COURT:  All right.
 3           THE CLERK:  Thank you.
 4           THE COURT:  All right.  I'm going to have Mr. Smith
 5   placed under oath.
 6
 7   J A S O N    S M I T H, after being duly called and sworn,
 8   testified as follows:
 9
10           THE COURT:  Okay.  Mr. Smith, I'm going to go over a
11   number of matters with you essentially in summary fashion.  If
12   there's anything that you have a question about, let me know,
13   we'll further discuss it or I will give additional time for
14   you to discuss that matter with your attorney; is that clear?
15           THE DEFENDANT:  Yes, Your Honor.
16           THE COURT:  All right.  Briefly, you have certain
17   rights, not the least of which is the right to an attorney
18   until your case is complete in all respects.
19           Mr. Eoannou, you're retained in this case?
20           MR. EOANNOU:  I am, Your Honor.
21           THE COURT:  All right.  If you did not have
22   sufficient funds to hire a lawyer and you qualified under
23   federal law, you would get the benefit of an assigned
24   attorney.
25           Irrespective of which way you go, you still retain
```

1   the right to represent yourself at all times.  Rarely is that
2   recommended, and you can probably get a good idea as to why
3   not, and that's because negotiating plea agreements, going
4   through trial, conducting discussions with the government with
5   witnesses in preparation, all pretty complicated, and you
6   would be held to attorney standards without the assistance of
7   a lawyer which makes it doubly difficult; do you understand?
8            THE DEFENDANT:  I do, Your Honor.
9            THE COURT:  Okay.  You have a right to appeal, but in
10  order to be eligible to appeal, you must file a notice of
11  appeal within 14 days after I complete your sentencing.  If
12  you don't do that, you lose your eligibility and your appeal
13  right does not exist; do you understand?
14           THE DEFENDANT:  I do, Your Honor.
15           THE COURT:  Biographically, I need to know some
16  information from you.  How old are you?
17           THE DEFENDANT:  35.
18           THE COURT:  Okay.  Married?  Single?
19           THE DEFENDANT:  Single.
20           THE COURT:  All right.  What's the highest grade of
21  school that you have completed?
22           THE DEFENDANT:  Four years of college, plus credits,
23  extra credits.
24           THE COURT:  Did you graduate from college?
25           THE DEFENDANT:  Yes.

Case 1:15-cr-00002-WMS-JJM   Document 68   Filed 03/31/17   Page 6 of 19
USA v Jason M. Smith - Change of Plea Hearing - 6/22/16

5

```
1               THE COURT:  From which one?
2               THE DEFENDANT:  From Air University.  Air Force
3    University.
4               THE COURT:  Okay.  And within reason, I take it you
5    read, write and understand English?
6               THE DEFENDANT:  I do.
7               THE COURT:  Any difficulty understanding me or your
8    lawyer or the documents in this case?
9               THE DEFENDANT:  No, Your Honor.
10              THE COURT:  Okay.  You came here -- you're in
11   custody.  Is that Niagara County?
12              THE DEFENDANT:  Yes.
13              THE COURT:  All right.  Did you have any drugs or
14   alcohol or medications today?
15              THE DEFENDANT:  No.
16              THE COURT:  Are you under any care for any drug
17   problem or mental health problem?
18              THE DEFENDANT:  No.
19              THE COURT:  Okay.  With that, I'm going to take you
20   through the plea agreement and we're going to review it
21   against the backdrop of Counts 1 and 2 of the indictment
22   which, I guess in a basic form, it is the production of child
23   pornography.
24              Do you understand the charges in Counts 1 and 2?
25              THE DEFENDANT:  I do, Your Honor.
```

Case 1:15-cr-00002-WMS-JJM   Document 68   Filed 03/31/17   Page 7 of 19
USA v Jason M. Smith - Change of Plea Hearing - 6/22/16

6

1        THE COURT: And you've gone over those with your
2   attorney?
3        THE DEFENDANT: Yes.
4        THE COURT: And if you look at Section 1,
5   paragraph 1, you note there that for each count there's a
6   mandatory minimum term of imprisonment of 15 years, and a
7   maximum on each count of 30 years; a fine of up to $250,000
8   and/or a combination of both; a mandatory $100 special
9   assessment, that's the cost of doing business on federal
10  charges; and supervised release of anywhere between five years
11  and up to life.
12       Do you understand that those are the penalties and up
13  to the maximums to which you can be sentenced?
14       THE DEFENDANT: Yes.
15       THE COURT: All right. Now, if you go to the next
16  page at the top of page 2, paragraph 2, there's a discussion
17  there that you can be ordered to pay restitution under certain
18  circumstances; do you understand that?
19       THE DEFENDANT: I do.
20       THE COURT: Okay. And then if you drop down to
21  paragraph 3, we earlier had made reference to supervised
22  release. And what supervised release is, if you already don't
23  know, that means you must obey the conditions that I make a
24  part of your sentence. If you fail to do that, and the
25  government proves that you violated, that's like committing

1  another crime.

2  And in paragraph 3, there's different scenarios that
3  are discussed there, such as a -- for a particular violation,
4  you can do up to six years in jail.  For another, you can be
5  sentenced to imprisonment for a term longer than one year and
6  up to no more than five years -- or, for an imprisonment term
7  of not less than five years and up to life, and that's
8  discussed in that paragraph, as well; do you understand that?

9  THE DEFENDANT:  I do, Your Honor.

10  THE COURT:  All right.  So, the long and the short of
11  it is you cannot afford to violate conditions of supervised
12  release or face dramatic consequences; do you understand?

13  THE DEFENDANT:  I understand.

14  THE COURT:  Okay.  You also will be required lifetime
15  to register and keep active with the requirements of the Sex
16  Offender Registration and Notification Act wherever you are a
17  resident, wherever you are employed or carrying out student
18  activities or avocation activities; do you understand?

19  THE DEFENDANT:  I do.

20  THE COURT:  Okay.  All right.  Paragraph 5 talks
21  about the circumstances under which you could be subject to
22  civil commitment, not criminal charge or incarceration, as a
23  sexually dangerous person; do you understand that?

24  THE DEFENDANT:  I do.

25  THE COURT:  Okay.  If you go on to page 4, at the top

Case 1:15-cr-00002-WMS-JJM   Document 68   Filed 03/31/17   Page 9 of 19
USA v Jason M. Smith - Change of Plea Hearing - 6/22/16

8

1  of paragraph 7 -- or 6, paragraph 6, I'm sorry, there are
2  three essential elements of the charge that are set out there.
3  Those are critical.  Have you gone over those with Mr. Eoannou
4  and do you understand them?
5          THE DEFENDANT:  I have, and I do.
6          THE COURT:  Okay.  And the long and short of it,
7  they're important because they tie in with the right that you
8  have to demand a trial.  In all likelihood, if you demanded
9  one, it would be a jury trial, not one necessarily before a
10 judge, but a jury trial where 12 individuals would be charged
11 with the duty of returning a decision unanimously, guilty or
12 not guilty, based on the evidence of or the lack of evidence;
13 do you understand that?
14         THE DEFENDANT:  Yes.
15         THE COURT:  All right. And even though at a trial
16 you would have no burden of proof whatsoever because, you are
17 at a trial just as you stand there now until you tell me
18 otherwise, presumed innocent.  And even though you don't have
19 a burden and even though there is that presumption, you still
20 have the right to be proactive in your defense.  In other
21 words, you can direct your attorney on your behalf to question
22 witnesses, challenge the evidence, put on a defense, subpoena
23 witnesses for you, cross-examine witnesses, you could testify
24 but nobody could force you to you do that because you have the
25 constitutional right to remain silent.

1           If you went to trial and were convicted, you would
2  have the right to appeal that conviction just as we had
3  discussed earlier, with an entry of a plea, you would have the
4  right to appeal under certain circumstances; do you
5  understand?
6           THE DEFENDANT:  I do.
7           THE COURT:  And with respect to those three essential
8  elements, A, B and C, if the government's proof could not
9  establish each one beyond a reasonable doubt, let's just --
10 beyond a reasonable doubt, for example, if it missed with that
11 degree of proof on one of those three, that means you could
12 not be convicted after trial; do you understand?
13          THE DEFENDANT:  I do.
14          THE COURT:  Okay.  Now, let me drop down with you to
15 paragraph 7.  And paragraph 7 talks about the two counts,
16 Counts 1 and 2, the production of child pornography.
17          And as far as those facts are concerned, that, in
18 summary, would be, in all likelihood, the minimum proof that
19 the government would introduce at a trial if you went to
20 trial; do you understand that as the starting premise?
21          THE DEFENDANT:  I do.
22          THE COURT:  All right.  Have you gone over what's
23 represented there?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Is it accurate?

```
 1                THE DEFENDANT:  Yes.

 2                THE COURT:  Did you do what's charged there?

 3                THE DEFENDANT:  Yes.

 4                THE COURT:  Okay.  Mr. Allen, is there anything you
 5   would like to add to that statement?

 6                MR. ALLEN:  Not at this time, Your Honor.

 7                THE COURT:  Okay.  All right.  I'm going to talk to
 8   you about the sentencing guidelines.  Have you gone over those
 9   with Mr. Eoannou?

10                THE DEFENDANT:  Yes.

11                THE COURT:  All right.  And there's a detailed
12   discussion of how the guidelines work through mathematical
13   calculations.  And there's a starting point number, depending
14   on usually the seriousness of the crime.  The more serious,
15   the higher the starting point number.  And then adjustments
16   are made to that starting point number based on the facts, the
17   evidence and information available.  And eventually, there's a
18   final calculation made, that's the sentencing number or the
19   total offense level number, same thing.  The higher that
20   number, when combined with your criminal history score, the
21   more time you face, generally speaking.  The flip side of
22   that, for sentencing purposes, the lower the number, the more
23   likely your exposure is lower to a higher sentence; do you
24   understand?

25                THE DEFENDANT:  I do.
```

1            THE COURT:  Okay.  With respect to Count 1, if you
2    look at paragraph 11, and then follow up with paragraph 12,
3    but as far as Count 1 is concerned, the calculated sentencing
4    number is high, it's a 40.  For Count 2, it's a 38.
5            And those will determine, when combined with your
6    criminal history score, what the likelihood will be of a
7    possible sentence in this case.  I have to make the final
8    calculations.
9            If the numbers turn out to be different, that does
10   not mean that you can withdraw your plea of guilty.  Once you
11   tell me that you're guilty, that ends the matter.  You've
12   already said the facts that are set forth are accurate,
13   correct?
14           THE DEFENDANT:  Yes.
15           THE COURT:  And you did what's charged there,
16   correct?
17           THE DEFENDANT:  Yes.  Yes, Your Honor.
18           THE COURT:  Okay.  If you continue on in the section
19   that we're in and, you know, we go to paragraph 18, the
20   discussion at paragraph 18 with a calculation that may well
21   apply referencing a sentencing number of 44 and a criminal
22   history category of 1, your penalty would be 720 months, 60
23   years.
24           And if we go down to paragraph B of paragraph 18, the
25   calculation there is in the range of 262 to 327 months; do you

1   understand that?

2           THE DEFENDANT:  I do.

3           THE COURT:  Okay.  Tremendously high numbers, right?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Okay.  And again, I'll make the final

6   calculations in terms of what your sentence should be.  It

7   should be, in the end, sufficient but not greater than

8   necessary.  And it should be guided by what the calculations

9   are that are proper, because that makes for overall fairness.

10  And the sentence should address punishment and accountability,

11  but on the other hand should be reasonable as well; do you

12  understand?

13          THE DEFENDANT:  I do, Your Honor.

14          THE COURT:  Okay.  Your attorney, if you look at

15  paragraph 19, has negotiated for the right to seek a sentence

16  that's not a guideline sentence, but one that is justified in

17  some fashion by the facts and circumstances of the case.  And

18  normally, that sentence is a lower sentence than the

19  guidelines would recommend; do you understand?

20          THE DEFENDANT:  I do.

21          THE COURT:  Okay.  At page 10, there's a reference to

22  the waiver of statute of limitations on these charges, and you

23  know you agreed to that, correct?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And rights and reservations are talked

1  about starting at paragraph 22, in Roman Numeral Section V,
2  and that contains putting you on notice, information that the
3  government, for example, will, once sentencing is complete,
4  dismiss the open counts of the indictment against you.  It
5  puts you on notice that it will oppose any application,
6  possibly, that relates to a downward departure or lowering of
7  your sentencing number, and if you say things in connection
8  with or your attorney gives me information that's contestable,
9  the government says, you know, we want the opportunity to
10 explain why we don't agree; do you understand?
11           THE DEFENDANT:  I do.
12           THE COURT:  Okay.  And you've gone over the rest of
13 that section with Mr. Eoannou?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Okay.  Now, we talked about Roman
16 Numeral VI starting at paragraph 25 on page 12, and that's
17 your appeal rights and what you have to do to perfect your
18 right to appeal, that is, to file a notice within 14 days
19 after sentencing.  But it also makes clear that if I sentence
20 you to a guidelines sentence or less, you give up your right
21 to appeal or to challenge the sentence for any other
22 legitimate reasons; do you understand?
23           THE DEFENDANT:  I do.
24           THE COURT:  And the government, on the other hand,
25 gives up its right to appeal if the sentence is within the

```
 1   guideline range or more; do you understand that?
 2           THE DEFENDANT:  I do.
 3           THE COURT:  Okay.  And then if you jump to
 4   paragraph 29 at page 13, Roman Numeral VII, that paragraph and
 5   section deals with the forfeiture of hard drives and computer
 6   equipment and the like as it relates to the subject matter of
 7   the charges in this particular case; do you understand?
 8           THE DEFENDANT:  I do.
 9           THE COURT:  All right.  Now, in summary, that's
10   basically the plea agreement in this case.
11           Yes, Mr. Eoannou?
12           MR. EOANNOU:  If the Court can address paragraph 28,
13   briefly, Judge?
14           THE COURT:  Sure.
15           MR. EOANNOU:  Thank you.
16           THE COURT:  Okay.  And paragraph 28 is the
17   reservation of the right to appeal the suppression of evidence
18   that was -- that took place here pursuant to the execution of
19   a search warrant.  And in the event that you were to prevail
20   on the appeal and the evidence was suppressed, then you
21   reserve the right to withdraw your plea of guilty; do you
22   understand?
23           THE DEFENDANT:  I do.
24           THE COURT:  Okay.  Anything additional, Mr. Eoannou?
25           MR. EOANNOU:  No, Your Honor.
```

```
 1              THE COURT:  Okay.  Thank you.
 2              All right.  I take it that there are no other
 3   promises that have been made to you that are not -- that you
 4   are relying upon that are not contained in this plea
 5   agreement; is that correct?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Okay.  Anybody force or threaten you to
 8   sign it?
 9              THE DEFENDANT:  No.
10              THE COURT:  Okay.  And I saw you sign, you signed on
11   the advice of your attorney.
12              You signed as well, Mr. Eoannou?
13              MR. EOANNOU:  I did, Your Honor.
14              THE COURT:  Mr. Allen, you signed with the authority
15   of the United States Attorney?
16              MR. ALLEN:  Yes, Your Honor.
17              THE COURT:  All right.  Then I will receive, accept,
18   and make a part of the record the plea agreement in this case.
19              All right.  Any questions so far?
20              THE DEFENDANT:  No, Your Honor.
21              THE COURT:  All right.  I'm going to ask you how you
22   plead to the production of child pornography case charge in
23   Count 1.  You can plead guilty or not guilty.  What is your
24   plea?
25              THE DEFENDANT:  Guilty.
```

Case 1:15-cr-00002-WMS-JJM   Document 68   Filed 03/31/17   Page 17 of 19
USA v Jason M. Smith - Change of Plea Hearing - 6/22/16

16

```
 1              THE COURT:  All right.  And with respect to charge or
 2   Count number 2, same charge category, the production of child
 3   pornography, you can plead either guilty or not guilty.  What
 4   is your plea?
 5              THE DEFENDANT:  Guilty.
 6              THE COURT:  Okay.  With respect to each guilty plea,
 7   having observed you in going through this colloquy, I do find
 8   that you understand what we've been discussing, correct?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  All right.  I do find that your plea is
11   knowing, you understand the terms, conditions and possible
12   consequences, correct?
13              THE DEFENDANT:  Yes.
14              THE COURT:  You've told me that what you've done here
15   is voluntary, correct?
16              THE DEFENDANT:  Yes.
17              THE COURT:  So, I so find.
18              And I also find that the information to which you
19   admitted, in addition to telling me you committed these
20   crimes, if that was admitted at trial it would be a sufficient
21   basis from which a trier of fact, either a judge or a jury,
22   could conclude guilt beyond a reasonable doubt on each
23   essential element of the crime charged.  So, therefore, I
24   accept your guilty plea, and I now adjudge you guilty as to
25   both Counts 1 and 2 respectively in this case; do you
```

1  understand?
2         THE DEFENDANT:  I do.
3         THE COURT:  Okay.  Sentencing will be when,
4  Ms. Labuzzetta?
5         THE CLERK:  Judge, sentencing is October 19th at
6  2 p.m.
7         THE COURT:  Okay.  October 19th at 2 p.m.
8         MR. EOANNOU:  Thank you, Judge.
9         THE COURT:  Okay.  Thank you very much.
10        MR. ALLEN:  Thank you, Your Honor.
11        (Proceedings concluded at 3:06 p.m.)
12              *     *     *     *     *     *     *
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                         CERTIFICATION
 2
 3         I certify that the foregoing is a
 4      correct transcription of the proceedings
 5      recorded by me in this matter.
 6
 7
 8
 9                      s/ Ann M. Sawyer
                        Ann M. Sawyer, RPR, CRR, NYRCR, NYACR
10                      Official Reporter
                        U.S.D.C., W.D.N.Y.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```