UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------
UNITED STATES OF AMERICA,

            -vs-                         15-CR-2

JASON M. SMITH,

                Defendant.
--------------------------------------


          Proceedings held before the

     Honorable William M. Skretny, Buffalo

     Courtroom, Robert H. Jackson Courthouse,

     2 Niagara Square, Buffalo, New York, on

     March 10, 2016.


     APPEARANCES:

     SCOTT ALLEN,
     Assistant United States Attorney,
     Appearing for the United States.

     THOMAS J. EOANNOU, ESQ.,
     Appearing for Defendant.

     Michelle L. McLaughlin, RPR,
     Official Reporter,
     U.S.D.C. W.D.N.Y.

1      MR. ALLEN:  Morning, Judge.

2      MR. EOANNOU:  Morning, Judge.

3      THE COURT:  Mr. Eoannou, good morning.

4   Mr. Allen, good morning.

5   You want to call the case, please, Miss

6   Labuzzetta?

7      THE CLERK:  Criminal case 15-2S, United

8   States of America versus Jason Smith.

9      THE COURT:  Okay.  Mr. Smith, I think, is

10  at the table.  Good morning.

11     THE DEFENDANT:  Morning, your Honor.

12     THE COURT:  Let's get an update.  I

13  accepted the R and R in this case back in January

14  denying the motion to suppress.  And so we need to

15  discuss what we're going to do by way of plea

16  discussions and is that going to result in a plea,

17  or do we have a trial that we have to set a date

18  for?

19     MR. EOANNOU:  Judge, when we were last

20  here we had a plea offer that needed to be

21  finalized.  We checked with the United States

22  Department of Probation.  They disagreed with us by

23  five levels, which takes my client to a 43 I

24  believe in the federal sentencing guidelines.  I've

25  then gone back, and Mr. Allen, I have to say, has

1    been most kind.  We have negotiated back and forth,

2    and I'm trying to negotiate another plea which

3    would preserve my client's right to appeal and

4    argue outside the guideline range, which I think

5    we're fine with.

6        My client has also directed me to follow up on

7    a couple of subpoenas that we believe were issued

8    by the state system, and we're in the process of

9    doing that.  I've spoken to Mr. Allen no less than

10   three times in the last week about this.

11              THE COURT:  So what do we need to do here?

12   You need more time?

13              MR. EOANNOU:  We need more time, Judge, to

14   see if the United States Attorney's office will

15   agree to our counter proposal.

16              THE COURT:  Is that a plea agreement

17   preserving the right to appeal --

18              MR. EOANNOU:  Yes.

19              THE COURT:  -- is that part of the

20   negotiations?

21              MR. EOANNOU:  And argue outside the

22   guideline range.

23              THE COURT:  Okay.  All right.  Mr. Allen,

24   that works from your standpoint?

25              MR. ALLEN:  Yes, your Honor.

1            THE COURT:  All right.  How much time do

2     you think we really need?

3            MR. ALLEN:  Your Honor, I could get the

4     plea drafted in very short order.  I think the real

5     issue is how long Mr. Eoannou needs with respect to

6     his other issues he wants to investigate as it

7     relates to the subpoenas he mentioned, things of

8     that nature.

9            MR. EOANNOU:  That is correct, Judge.

10    This, as the Court will recall, started as a state

11    investigation.  In our discovery packet and going

12    through it with the Meetme.com Web site, we do not

13    see a subpoena for that data, and it appears that

14    that's what was part of the search warrant

15    application process.  So my client has now asked me

16    to go back and see how that information from

17    Meetme.com was obtained.

18       I communicated that to Mr. Allen and, again,

19    he's been wonderful and said he would assist me in

20    looking into that.  My client says he cannot make a

21    decision until such time until he sees that, and I

22    can certainly appreciate it in light of the

23    guideline range.

24            THE COURT:  Is that a possible basis for a

25    motion to suppress, is that what we're talking

1    about?

2              MR. EOANNOU:  I'm not sure at this point,

3    Judge, because I don't know how they obtained it.

4    I know it's certainly worth looking into.

5              THE COURT:  Okay.  So, how much time do we

6    need?

7              MR. EOANNOU:  One last 60 days, and if we

8    get it, Judge, we will be moving up the plea date.

9    I anticipate we're going to work this out.

10             THE COURT:  Let's set it 60 days out for a

11   plea.

12             THE CLERK:  Judge, but this time I locked

13   out the time, and they didn't let me know that it

14   wasn't going to plea like I inquired.  Can you set

15   a deadline to let me know if it's not going to be a

16   plea?  That's the problem.

17             THE COURT:  Okay.  Set it out 60 days, and

18   let us know two weeks beforehand.

19             THE CLERK:  Mr. Eoannou has to be here at

20   2:00 on May 18th on Chris Sanchez.

21             MR. EOANNOU:  Yes.

22             THE CLERK:  So how about 2:30?

23             MR. EOANNOU:  That would be fine.  Thank

24   you.

25             MR. ALLEN:  Thank you.

1           THE COURT:  All right.  Mr. Allen --

2           MR. ALLEN:  Yes, your Honor.

3           THE COURT:  -- time to be excluded?

4           MR. ALLEN:  Yes, your Honor.  The

5    government moves to exclude the time between today

6    up to and including May 18th, 2016, pursuant to

7    Title 18, United States Code, 3161(h)(7)(A) and

8    (h)(7)(B)(iv) in that it is the government's

9    position, your Honor, that the ends of justice

10   served by taking such action outweigh the best

11   interest of the public and the defendant in a

12   speedy trial, because with this time, the

13   defendant's counsel can investigate the subpoena

14   issue and plea negotiations can take place and the

15   defendant can receive effective assistance of

16   counsel, your Honor.

17           THE COURT:  Okay.  No objection?

18           MR. EOANNOU:  No, Judge.

19           THE COURT:  For the specific reasons

20   stated, they are adopted, and the exclusions will

21   be pursuant to both sections.

22           MR. EOANNOU:  Thank you.

23           THE COURT:  And we'll see everybody back

24   here in -- what's the specific date again?

25           MR. EOANNOU:  May 18th.

1              THE CLERK:  May 18th.

2              THE COURT:  At 2:00 and 2:30.

3              THE CLERK:  2:30, Judge.

4              THE COURT:  Okay.  Thank you very much.

5              MR. ALLEN:  Thank you, Judge.

6              THE DEFENDANT:  Thank you, your Honor.

7    Thank you, Mr. Allen.

8              *      *      *      *      *      *

1                            CERTIFICATION

2

3            I certify that the foregoing is a

4      correct transcription of the proceedings

5      recorded by me in this matter.

6

7

8                              s/Michelle L. McLaughlin
                               Michelle L. McLaughlin, RPR
9                                  Official Reporter
                                   U.S.D.C., W.D.N.Y.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25