17-508-cr
U.S. v. Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand eighteen.

Present: ROSEMARY S. POOLER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.
_____

UNITED STATES OF AMERICA,

*Appellee*,

v. 17-508-cr

JASON M. SMITH,

*Defendant-Appellant*.
_____

Appearing for Appellant: Stephanie M. Carvlin, New York, N.Y.

Appearing for Appellee: Tiffany H. Lee, Assistant United States Attorney (Joseph J. Karaszewski, *on the brief*), *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Jason M. Smith appeals from the February 7, 2017 judgment of the United States District Court for the Western District of New York (Skretny, *J.*), convicting him, following a guilty plea, of two counts of sexual exploitation of children for purposes of producing child pornography, and sentencing him principally to 480 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

First, Smith contends that the appellate waiver provision in his plea agreement was invalid. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citing *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)). However, "[w]e will enforce a defendant's waiver of the right to appeal a sentence only if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (quoting *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996)) (internal punctuation omitted). A defendant's waiver of appellate rights is considered knowing and voluntary if the defendant "fully understood the consequences of the waiver" and the decision was not "the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *United States v. Roque*, 421 F.3d 118, 122 (2d Cir. 2005) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)).

Fed. R. Crim. P. 11(b)(1)(N) requires the court to "inform the defendant of, and determine that the defendant understands…the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." "Rule 11 is *designed* to assist district courts in ensuring that a defendant's guilty plea is knowing and voluntary." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (quoting *United States v. Mercado*, 349 F.3d 708, 711 (2d Cir. 2003)) (emphasis in original). Where, as here, the defendant attacks an appellate waiver by claiming that Rule 11 was violated, but this Rule 11 error was not preserved, plain error review applies, which "requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.*

On the record before us, we conclude that the waiver provision barring Smith from appealing any sentence below 720 months was knowing and voluntary, and that Smith's plea proceedings were compliant with Rule 11.

Smith primarily attacks the waiver as simply too confusing. The waiver provided that Smith would forfeit his appellate rights if the district court imposed a sentence at or below 720 months. The waiver provision itself did not say that 720 months would trigger the waiver; rather, it referred to a separate, numbered paragraph in the plea agreement. Located on separate page, the referenced paragraph provided for a Guidelines range of 720 months, which would result from the imposition of a particular enhancement.

Incorporation by reference is perhaps less clear than simply providing all the relevant information in a single paragraph, but we hardly think this rendered the appellate waiver provision incomprehensible to Smith. The amount of time that would trigger the appellate waiver was only a half-step away: Smith needed only to consult the specified paragraph to find the applicable number of months that would foreclose his appellate rights. Smith was a college graduate and confirmed to the district court that he did not have any difficulty understanding the documents related to his plea. Plainly, it seems to us that the clearly delineated, internal reference was a straightforward means of laying out the terms of the appellate waiver, which indicates that Smith knowingly and voluntarily waived his appellate rights.

Smith also argues that his plea hearing was deficient because the district court did not elicit an affirmation that Smith understood that he would forfeit his appellate rights if he received a sentence of 720 months or less. Rather, the district court confirmed with Smith that he understood that (i) the district court would ultimately determine the applicable Guidelines range, (ii) the Guidelines range would potentially be 720 months, and (iii) if the district court imposed "a guidelines sentence or less, you give up your right to appeal." App'x at 196. Smith's affirmations that he understood these points, and that he had reviewed his plea agreement with his attorney, tend to show that Smith was aware that the district court might impose a sentence of 720 months, and that he would not be able to appeal any sentence at or below that amount. *See Cook*, 722 F.3d at 481 (district court's failure to advise defendant at plea hearing of "the 'heart' of the appeal waiver," which would apply to a sentence of 60 months or less, did not cast doubt on the knowing and voluntary nature of the appellate waiver, or demonstrate Rule 11 error). And if there was Rule 11 error here, it is not plain. *See United States v. Botti*, 711 F.3d 299, 310 (2d Cir. 2013) ("Error is plain if it is clear or obvious.").

Since we conclude that Smith's appellate waiver is valid and enforceable, it bars his substantive reasonableness challenge.

Smith also argues that he received ineffective assistance of counsel on his suppression motion. We are "generally disinclined to resolve ineffective assistance claims on direct review," *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004), and we decline to depart from our usual practice here. Such claims are better suited for review in the first instance through a habeas petition to the district court, which is "the forum best suited to developing the facts necessary to determining the adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

We have considered the remainder of Smith's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3